# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN IVORY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01458-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE/INABILITY TO STATE A CLAIM**<br><br>**(Doc. 18)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

**I.    Findings**

    **A.    Procedural History**

Plaintiff brings this action alleging that his incarceration at Wasco State Prison violated his rights under the Eighth Amendment and the Equal Protection Clause due to his contracting Valley Fever. The Court granted Plaintiff leave to file an amended complaint after the Court determined his original complaint failed to state a cognizable claim. (Docs. 1, 14.) The First Amended Complaint is now before the Court for screening. (Doc. 18.) However, this action should be DISMISSED because, despite receiving the applicable standards, Plaintiff continues to fail to state any cognizable claims.

    **B.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Pleading Requirements**

      **1.     Federal Rule of Civil Procedure 8(a)**

The First Amended Complaint is considered in light of Rule 8(a)'s simplified pleading standard which "applies to all civil actions, with limited exceptions," none of which apply here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," as Plaintiff found in the First Amended complaint, "do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the reasons discussed below, Plaintiff fails to set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Plaintiff's factual allegations are accepted as true, but legal conclusions which the First Amended Complaint is comprised of, are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, Plaintiff is no longer incarcerated and "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff's allegations are not sufficient as they amount to nothing more than the "sheer possibility that a defendant has acted unlawfully," such allegations "that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### 2. **Linkage and Causation**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d

1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). As discussed below Plaintiff's allegations fail to demonstrate that each defendant personally participated in and caused a violation of his constitutional rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

## **DISCUSSION**

### A.    **Plaintiff's Allegations**

Plaintiff is no longer in custody, but his allegations are based on the circumstances of his confinement at Wasco State Prison ("WSP") in 2014 and 2015. Plaintiff names the WSP Warden, a WSP Captain, the Federal Receiver Clark Kelso, and the CDCR as the defendants in this action and seeks monetary damages. The only substantive differences between Plaintiff's original Complaint and First Amended Complaint are that he dropped any claims under the Equal Protection Clause and he added a WSP Captain and the Federal Receiver and deleted WSP, the Director of Corrections, and the State of California as Defendants.

Plaintiff continues to allege that when he was housed at WSP, he contracted Valley Fever. Plaintiff alleges that, as an African American, he is ten times more susceptible to contracting Valley Fever and that the Defendants were "aware" of this statistic at least three years before he arrived at WSP based on memorandums that were circulated and the Departmental Operations Manual. Plaintiff alleges the WSP Warden and a WSP Captain knew that abatement measures were recommended to lower the risk of contracting Valley Fever, but failed to take any such measures and required inmates to attend yard where inmates were required to prone-out when alarms sounded, which occurred daily.

As discussed in detail below, Plaintiff fails to state any cognizable claims. Since Plaintiff was previously provided the applicable pleading and legal standards for his claims further amendment would be futile and need not be granted.

**B.     Immunities**

**1.     The CDCR**

Plaintiff persists in naming the CDCR as a Defendant in this action. The Court previously informed Plaintiff that he may not sustain an action against the state because the Eleventh Amendment bars suits against state agencies. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted). As stated in the First Screening Order, the CDCR is immune to Plaintiff's claims under the Eleventh Amendment.

**2.     The Federal Receiver**

Plaintiff added Clark Kelso, the Federal Receiver, as a defendant in the First Amended Complaint. Kelso is the Receiver for CDCR's health care system. *See Plata v. Schwarzenegger*, et al., C01-1351-TEH (N.D. Cal. Jan. 23, 2008). Upon his appointment in 2008, "[t]he Receiver and his staff [were granted] the status of officers and agents of [the Plata Court], and as such [were] vested with the same immunities as vest with [the Plata] Court." *Id*. Those judicial immunities extend to immunity from suit. *See Pierson v. Ray*, 286 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ...."); *see also Coleman*

*v. Schwarzenegger*, 2007 WL 4276554 (E.D. Cal. Nov.29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" and who "acts as a 'surrogate' of the court" had quasi-judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). There are two primary exceptions to the absolute judicial immunity: first, where the judge's action is "not taken in the judge's judicial capacity"; and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction." *See id*. at 11-12.

Plaintiff acknowledges that, as the federally appointed Receiver, Kelso is "the head over the CDCR Medical Health" based on failures in CDCR's health care system to deliver timely and appropriate treatment to inmates. (Doc. 18 at p. 7.) Plaintiff claims that Kelso has acted in some undescribed manner which denied him proper preventative measures that would have prevented his contraction of Valley Fever. Plaintiff, thus seemingly asserts that Kelso failed to act properly in his role as Receiver. There is no allegation that Kelso acted "in the complete absence of all jurisdiction." Based thereon, the Court finds that Kelso is entitled to quasi-judicial immunity and suit may not be maintained against him.[1]

### C. Eighth Amendment -- Deliberate Indifference

In the context of conditions of confinement, prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This standard contains both an objective and subjective element. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (discussing objective and subjective elements of Eighth Amendment Claim). In the context of exposure to disease, the objective element asks whether prison officials have exposed the prisoner to a serious medical risk of disease. To determine

---

[1] To the extent Plaintiff attempts to amend his complaint to allege that Kelso was aware of plaintiff's medical needs and failed to act upon that knowledge, the Court finds that those allegations would similarly entitle Kelso to absolute quasi-judicial immunity because plaintiff would again be alleging that Kelso failed to act within his capacity as the Receiver of CDCR's health care system.

whether the risk to which Plaintiff is exposed is serious, the court considers whether the "risk the prisoner complains of [is] so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* at 36 (italics in original).

The subjective element of an Eighth Amendment violation asks whether the prison official acted with "deliberate indifference" in denying medical care or exposing the prisoner to the risk of disease. For conduct to qualify as "deliberately indifferent" in the context of conditions of confinement, the conduct must be shown to be "wanton." "[T]he constraints facing the *official*" must be considered when determining whether conduct is wanton. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A depravation of a treatment or the exposure to a hazard may be wanton only if it was within the official's ability at the time to avoid the exposure to risk or deprivation of care. "Wantonness consist[s] of 'acting sadistically and maliciously for the purpose of causing harm.'" *Id.*, quoting *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986).

As to the objective component, Plaintiff alleges no facts to indicate that the risk of exposure to the spores of Coccidioidies immitis spores at WSP was any higher than in the surrounding community. It is worth noting that the attention of courts and official policymakers regarding the risk of Valley Fever have focused on Pleasant Valley State Prison and Avenal State Prison. These facilities have drawn particular state and district court attention because, although eight California correctional facilities are located in the endemic area, these two facilities account for 85% of the occurrence of reported cases of Valley Fever in California. *See Plata v. Brown*, 2013 WL 3200587 (N.D. Cal. 2013) at *2. However, an individual who lives out of custody anywhere in the Southern San Joaquin Valley, also runs a relatively high risk of exposure to Coccidioides immitis spores. Likewise, as noted by Dr. Jeffrey Gunzenhauser, Los Angeles county's interim health officer, the Antelope Valley, where Plaintiff has resided since February of this year (*see* Doc. 13), has been included as an endemic area with high incident rates because it has environmental conditions similar to the Central Valley which may encourage growth of cocci spores.

Unless there is something about a prisoner's conditions of confinement that raise the risk

of exposure substantially above the risk experienced by the surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eight Amendment. *See Hines v. Youssef*, No. 1:13-cv-00357-AWI-JLT, 2015 WL 164215, at *4 (E.D. Cal. Jan. 13, 2015) (rejecting African-American asthmatic prisoner's Eighth Amendment claim arising from exposure to and contraction of Valley Fever); *accord Williams v. Biter*, No. 1:14 cv 02076-AWI-GSA PC 2015 WL 1830770, at *3 (E.D. Cal. Apr. 9, 2015); *contra Beagle v. Schwarzenegger*, No. 1:14-cv-430-LJO-SAB, 2014 U.S. Dist. LEXIS 107548 (E.D. Cal. Jul. 25, 2014).

Plaintiff also fails to state allegations to meet the subjective component of an Eighth Amendment claim. Despite receiving the standards in the First Screening Order, Plaintiff has still not shown (and in all likelihood is unable to do so) that any individual Defendants acted *wantonly* in formulating the policies and procedures which resulted in Plaintiff's placement at WSP. As noted above, the State of California has eight of its correctional facilities -- and therefore a substantial proportion of its inmate capacity -- located in the Southern San Joaquin Valley. If Plaintiff's allegations, (which are wholly, solely based on his placement at WSP) were cognizable, the State of California would not be able to house any inmates at WSP, SATF, PVSP, or ASP, and maybe not even at any of the eight facilities located in the endemic area.

Further, to meet the initial pleading burden Plaintiff must state allegations showing "the particular features of that institution that resulted in dangerous conditions, or the practices or procedures within the CDSH-C that may have resulted in increased risk." *Smith v. State of California*, 2016 WL 398766, *2 (2016). "[T]he mere allegation that Plaintiff was confined in a community that happens to be in an endemic area for Valley Fever is not sufficient to show that he was, in fact, exposed to an increased risk or that the individuals responsible for his placement or housing there would have known or had reason to know that Plaintiff was being exposed to a heightened danger of disease." *Id.* Thus, Plaintiff fails and appears unable to allege facts sufficient to state a cognizable claim under the Eighth Amendment.

## II. CONCLUSION & RECOMMENDATION

Plaintiff's First Amended Complaint fails to state any cognizable claims. Given that the

First Amended Complaint suffers from defects similar to the original Complaint, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court **RECOMMENDS** that this entire action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 21, 2018**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE